IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JETT AVERY THOMAS,<br><br>Defendant. | Case No.: 3:23-cr-00250-AN-1<br><br>OPINION AND ORDER |

On January 10, 2025, defendant Jett Avery Thomas filed this Motion for Recusal and Appointment of Out-of-District Judge, ECF [36], pursuant to the Fifth and Sixth Amendments and Federal Rule of Civil Procedure ("FRCP") 21(a). After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

**A.    Recusal**

The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]" U.S. Const. amend. VI; *see* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.").

Two statutes address recusal or disqualification of a federal judge: 28 U.S.C. §§ 144 and 455. Section 144 provides in full:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the

1

proceeding is to be heard, or good cause shall be known for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

28 U.S.C. § 144. Section 455 provides, in relevant part:

"Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."

28 U.S.C. § 455(a).

Interpreting these statutes, the Ninth Circuit has explained that "[t]he standard for recusal under 28 U.S.C. §§ 144 [and] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks and citations omitted). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted). Such "claims are fact driven, and as a result, the analysis of a particular . . . claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted). Generally, any questions as to "a judge's impartiality must stem from 'extrajudicial' factors, that is, from sources other than the judicial proceeding at hand." *Id.* (citations omitted); *see Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that judicial remarks will support recusal "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible"). Importantly, neither sections 144 nor 455(a) "require recusal based on speculation." *Clemens*, 428 F.3d at 1180 (citing *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)). Ultimately, "a judge has 'just as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require.'" *Id.* at 1179 (citation omitted).

B.    **Designation of Out-of-District Judge**

The designation of an out-of-district judge is governed by 28 U.S.C. § 292, which provides, in relevant part, that "[t]he chief judge of a circuit may, in the public interest, designate and assign

temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b); *see Amsler v. United States*, 381 F.2d 37, 42 (9th Cir. 1967).

## BACKGROUND

### A.   Factual Background

Defendant is charged with the aggravated assault of a Special Deputy U.S. Marshal and Court Security Officer ("CSO") who was working at the Pioneer Courthouse in Portland, Oregon, on July 3, 2023.  The government alleges that on that date, defendant threw a beverage container at the front door of the Pioneer Courthouse before climbing over the closed metal gate in front of the courthouse.  The CSO exited the courthouse to address defendant, at which time defendant yelled at and approached the CSO.  The CSO retreated into the courthouse and attempted to close the door behind him but was stopped by defendant, who then entered the courthouse, assaulted the CSO, and forced the CSO out of the front door and down the front steps of the courthouse.  Defendant continued to assault the CSO until the CSO accessed his service weapon and fired two shots into defendant's torso at close range.  Defendant is currently in custody pending trial.

### B.   Defendant's Motion

On January 10, 2025, defendant moved for this Court's recusal and the appointment of an out-of-district judge.  Defendant's motion is based on "concern about whether a reasonable person could question the impartiality and fairness of the proceedings of his case due to the connection of the court worker to the judicial officers in the District of Oregon[.]" Def. Mot. 2.  In particular, defendant notes that: the alleged assault involved a security breach of a federal courthouse building in the District of Oregon and "presumably triggered internal communications related to judicial safety"; the alleged injury involved a courthouse worker and, in effect, "constituted an attack on the Court itself and the team of staff that provide security to the District of Oregon judiciary"; there is a "rotation of [CSOs] between the Hatfield and Pioneer Courthouses"; and, ultimately, "the judges in the District of Oregon have a logistical and professional connection to the facts of this case[,]" particularly where they "rely on [CSOs] for their daily safety" and would be required to "punish an assault on an officer who is in some respects a co-worker." *Id.* at 4-5.

3

Defendant further argues that fairness and impartiality "is particularly a concern in a case where the potential jury will be going in and out of spaces monitored by several [CSOs]" and where the "Court is likely to get a high attendance of courthouse staff at the proceedings and other CSOs with an interest in convicting and punishing [defendant] to the fullest extent possible." *Id.* at 5. The government responds that it does not believe recusal and designation of an out-of-district judge to be necessary but that it defers to this Court's determination.

## DISCUSSION

**A.     Recusal**

Defendant seeks recusal only under section 455(a), but notes that "should this Court believe that 28 U.S.C. § 144 is the more appropriate statute, defense counsel can provide an affidavit explaining these same uncontested facts." Def. Mot. for Recusal ("Def. Mot."), ECF [36], at 2. The Court addresses each statute in turn.

1.     *Section 144*

First, the Court agrees with defendant's assertion that his motion is appropriately analyzed under section 455(a), not section 144. This Court holds no "personal bias or prejudice either against [defendant] or in favor of [the government]," 28 U.S.C. § 144, and defendant has not presented any affidavit asserting otherwise. Section 144 is inapplicable.

2.     *Section 455(a)*

Second, defendant has not demonstrated a basis for recusal or disqualification under section 455(a). Defendant acknowledges that recusal in this case is permissive, rather than mandatory, but nonetheless urges this Court to exercise its discretion in favor of recusal. However, defendant has not presented facts that reasonably call into question this Court's ability to be fair and impartial, nor is the Court aware of any. While the events are alleged to have occurred at a federal courthouse building in this district and upon a courthouse worker, these facts are not sufficient to allow "a reasonable person . . . [to] conclude that the judge's impartiality might reasonably be questioned." *Studley*, 783 F.2d at 939 (internal quotation marks and citations omitted). "[J]udges for the most part are presumptively capable of overcoming

[biasing] influences and rendering evenhanded justice; and only a strong, direct interest in the outcome of a case is sufficient to overcome that presumption of evenhandedness." *Fero v. Kerby*, 39 F.3d 1462, 1479 (10th Cir. 1994) (second alteration in original) (internal quotation marks omitted) (quoting *Del Vecchio v. Ill. Dep't of Corrs.*, 31 F.3d 1363, 1373 (7th Cir. 1994)).  Where this Court's ability to be fair and impartial has not been reasonably called into question, recusal under section 455(a) is not appropriate.

        Defendant's remaining arguments in favor of recusal are overwhelmingly speculative.  For example, defendant asserts that some CSOs rotate between the Pioneer and Hatfield Courthouses but does not allege that the CSO who was allegedly assaulted does.  As another example, defendant speculates that future proceedings in his case might see a high attendance of courthouse staff, necessarily resulting in "concern about impartiality." Def. Mot. 5.  But defendant's assertions, even taken together, are insufficient.  Simply put, section 455(a) does not "require recusal based on speculation[,]" *Clemens*, 428 F.3d at 1180 (citation omitted), and speculation is all that defendant offers here.  Defendant acknowledges that recusal is not required, and defendant has not presented any facts that reasonably call into question this Court's ability to be fair and impartial.  Under such circumstances, this Court has "just as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *Id.* (internal quotation marks and citation omitted).

**B.**       **Designation of Out-of-State Judge**

        The Court also declines to recommend the appointment of an out-of-district judge at this time.  As an initial matter, defendant has acknowledged that transferring a case to an out-of-district judge is uncommon.  Furthermore, as discussed above, recusal is not appropriate here, where defendant has not presented facts that reasonably call into question this Court's ability to be fair and impartial.  Designation of an out-of-state judge therefore is not, at least at this time, in the public interest.

## CONCLUSION

Accordingly, defendant's Motion for Recusal and Appointment of Out-of-District Judge, ECF [36], is DENIED.

IT IS SO ORDERED.

DATED this 4th day of February, 2025.

_____
Adrienne Nelson
United States District Judge